# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Oji Konata Markham,                                    Civ. No. 19-3110 (WMW/BRT)

        Petitioner,

v.

                                   **REPORT AND**

Vicki Janssen,                                         **RECOMMENDATION**

        Respondent.

Oji Konata Markham, OID# 211943, MCF Rush City, 7600 525th St., Rush City, MN 55069, *pro se* Petitioner.

Heather Dawn Pipenhagen, Esq., Dakota County Attorney's Office, and Matthew Frank, Esq., Minnesota Attorney General's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

      This matter is before the Court on Petitioner Oji Konata Markham's "COVID-19 Motion for Release." (Doc. No. 27.) Petitioner, who is currently incarcerated at MCF-Rush City, seeks compassionate release due to the COVID-19 pandemic. Respondent has not filed a response to this motion. For the reasons that follow, this Court recommends Petitioner's motion be denied.

      Petitioner filed a Petition for Writ of Habeas Corpus on December 18, 2019. (Doc. No. 1.) On October 7, 2020—with that Petition still pending—Petitioner filed the instant motion. (Doc. No. 27.) Therein, Petitioner argues that the spread of COVID-19 at MCF-Rush City poses a "substantial risk of serious harm" to Petitioner. (Doc. No. 27 at 1.) Petitioner asserts that compassionate release, temporary release, or stay of execution of

his sentence is merited in his case due to his "advanced age," "deteriorating health,"

"elevated risk of dire health consequences," and "service of 80% of his original

sentence."[1] (Doc. No. 27 at 2.)

Construing Petitioner's request as a motion for compassionate relief pursuant to 18

U.S.C. § 3582(c)(1)(A), release under these facts is not warranted. Petitioner asserts that

his age and nonspecific medical conditions place him at high risk of serious illness due to

COVID-19, but there is no evidence in the record to support that claim. *See* CDC,

Coronavirus Disease 2019: People at Increased Risk for Severe Illness,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

risk.html (last accessed December 9, 2020). Moreover, this Court agrees with other courts

that a possibility of contracting the virus is insufficient to justify release under

§ 3582(c)(1)(A). *United States v. Fry*, No. 11-cr-141 (PAM/KMM), 2020 WL 1923218,

at *1 (D. Minn. Apr. 21, 2020) (citation omitted); see also *United States v. Raia*, 954 F.3d

594, 597 (stating "the mere existence of COVID-19 in society and the possibility that it

may spread to a particular a particular prison alone cannot independently justify

compassionate release"). Instead, federal courts have required that an inmate demonstrate

both "a particularized susceptibility to the disease" and "a particularized risk of

---

[1]     Petitioner also appends material to this motion that is duplicative of that which
appears in his filing at Doc. No. 26. (*See* Doc. No. 27 at 7–18.) Because this Court has
already addressed those arguments in a prior Report and Recommendation, (*see* Doc. No.
28), it declines to revisit them here.

contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d

832, 838 (E.D. Va. 2020) (collecting cases).

Here, Petitioner has attached an MCF-Rush City internal memorandum indicating

the existence of positive COVID-19 cases at that facility. (*See* Doc. No. 27 at 6.) As of

December 9, 2020, MCF-Rush City reports no current COVID-19 cases among its inmate

population.[2] While that could change in the future, Petitioner has failed to demonstrate

either that he has a particular susceptibility to the disease or that he is at a particularized

risk of contracting it. (*See* Doc. No. 27 at 6.) Accordingly, this Court recommends his

"COVID-19 Motion for Release" be denied.

Petitioner also implies that prison authorities' failure to release him due to the

spread of COVID-19 may constitute "deliberate indifference" to his medical needs under

the Eighth Amendment. (Doc. No. 27 at 2.) To the extent Petitioner seeks to bring an

Eighth Amendment claim in the instant motion, that claim fails. If Petitioner wishes to

challenge the conditions of his confinement under the Eighth Amendment, such a claim

must be raised in a civil rights action under 42 U.S.C. § 1983, not in a habeas proceeding.

*See Spencer v. Haynes*, 773 F.3d 467, 469–70 (8th Cir. 2014) (explaining that a habeas

petition may only be used to challenge the fact or length of confinement, not to challenge

the conditions of that confinement).

---

[2]    *See* MCF-Rush City COVID-19 Response, https://mn.gov/doc/about/covid-19-updates/mcf-rush-city-covid-19-response/ (last accessed December 9, 2020); COVID-19 Updates, https://mn.gov/doc/about/covid-19-updates/ (last accessed December 9, 2020).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's "COVID-19 Motion for Release" (Doc. No. 27) be **DENIED**.

Date: December 11, 2020                          *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).