UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Oji Konata Markham,                                    Case No. 19-cv-3110 (WMW/BRT)

                        Petitioner,

                                              **ORDER ADOPTING REPORTS AND**
        v.                                         **RECOMMENDATIONS**

Vicki Janssen,

                        Respondent.

---

This matter is before the Court on the October 28, 2020 Report and Recommendation and December 11, 2020 Report and Recommendation (collectively, R&Rs) of United States Magistrate Judge Becky R. Thorson.  (Dkts. 28, 34.)  The R&Rs recommend that this Court (1) deny Petitioner Oji Konata Markham's petition for writ of habeas corpus, (2) deny Markham's motion for an evidentiary hearing, (3) deny Markham's motion to expedite and compel judgment and for release pending this Court's decision, (4) deny Markham's "COVID-19 Motion for Release," and (5) not issue a certificate of appealability.

A district court reviews *de novo* those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  When a party fails to file specific objections to an R&R, *de novo* review is not required.  *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not

specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error").  A district court reviews for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Because Markham is *pro se*, his objections are entitled to liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, timely objections were not filed.  Nonetheless, the Court has reviewed Markham's untimely objections to the October 28, 2020 R&R.  Markham's objections do not identify any error of law or fact that warrant rejecting the recommendations in the R&Rs.  Moreover, having carefully reviewed the R&Rs, the Court finds that they are neither clearly erroneous nor contrary to law.

Based on the R&Rs, the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      The October 28, 2020 R&R, (Dkt. 28), is **ADOPTED**.

2.      The December 11, 2020 R&R, (Dkt. 34), is **ADOPTED**.

3.      Petitioner Oji Konata Markham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Dkt. 1), is **DENIED**.[1]

---

[1]      Because Markham's petition is denied, the Court need not rule on Markham's pending objection, (Dkt. 20), to the magistrate judge's order denying Markham's motion to expand the record.  *See* Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts.

4.      Petitioner Oji Konata Markham's request for an evidentiary hearing, (Dkt. 24), is **DENIED**.

5.      Petitioner Oji Konata Markham's motion to expedite, to compel judgment pursuant to Rule 12(c), Fed. R. Civ. P., and for release pending the Court's decision (Dkt. 26), is **DENIED**.

6.      Petitioner Oji Konata Markham's "COVID-19 Motion for Release," (Dkt. 27), is **DENIED**.

7.      A certificate of appealability **SHALL NOT ISSUE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 18, 2021                            s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge