UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Oji Konata Markham,            Case No. 19-cv-3110 (WMW/BRT)

         Petitioner,

                                                                          **ORDER**

v.

Vicki Janssen,

         Respondent.

---

This matter is before the Court on Petitioner Oji Konata Markham's motion for relief from judgment, (Dkt. 44), motion to designate a record on appeal, (Dkt. 48), and motion for issuance of a certificate of appealability, (Dkt. 55). For the reasons addressed below, Markham's motions are denied.

On December 18, 2019, Markham commenced this action against Respondent Vicki Janssen. On February 18, 2021, this Court denied Markham's petition for writ of habeas corpus, denied Markham's motion for an evidentiary hearing, denied Markham's motion to expedite and compel judgment and for release pending this Court's decision, denied Markham's "COVID-19 Motion for Release," and did not issue a certificate of appealability. Markham subsequently filed the pending motions, which the Court addresses in turn.

### I. Motion for Relief from Judgment

Markham argues that he is entitled to relief from judgment pursuant to Rule 60(b)(6), appearing to contend that this Court misapplied the standard for granting a

certificate of appealability and that this Court erroneously rejected Markham's constitutional claims. It appears that Markham challenges the Court's February 18, 2021 Order and seeks to have the Court's conclusions reconsidered.

As an initial matter, Janssen suggests in her response that this Court lacks jurisdiction to decide Markham's Rule 60(b)(6) motion because Markham has filed a notice of appeal. Typically, after a party files a notice of appeal, the district court no longer has jurisdiction over the case because jurisdiction rests with the court of appeals. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "As a general rule, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously . . . ." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (internal quotation marks omitted). But a district court may "consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in [the appellate] court, and a separate appeal may thereafter be taken to challenge the denial." *Id.* Because Markham's Rule 60(b) motion is denied for the reasons addressed below, the Court will consider the motion on the merits.

"Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (internal quotation marks omitted). Rule 60(b)(6) permits relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief pursuant to Rule 60(b)(6) is "an extraordinary remedy for exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155

(8th Cir. 2013) (internal quotation marks omitted).  Markham disagrees with the analysis that this Court performed when denying his habeas petition and other motions for relief.  But Markham's disagreement, standing alone, does not constitute an extraordinary circumstance under Rule 60(b)(6).  And Markham does not identify an error of law or fact in this Court's prior rulings.

Therefore, Markham fails to establish that relief from judgment pursuant to Rule 60(b)(6) is warranted.  Accordingly, Markham's motion for relief from judgment is denied.

**II.  Motion to Designate a Record on Appeal**

Markham moves for an order designating the record on appeal, pursuant to Rule 10(b)(1), Federal Rules of Appellate Procedure.

Rule 10(b)(1) provides that the appellant has a duty to order a transcript of the proceedings "[w]ithin 14 days after filing the notice of appeal" or to file a certificate stating that no transcript will be ordered.  Markham's motion, however, does not address transcripts.  Therefore, his motion is not governed by Rule 10(b)(1).

Markham's motion indicates that he seeks to include numerous items in the record on appeal, including some items that are not in the record before this Court, such as "[t]he missing bate-stamped undisclosed 911 transcript and data."  It appears, therefore, that Markham seeks to supplement the record on appeal to include items outside the record before this Court.  Rule 10(a), Fed. R. App. P., addresses the composition of the record on appeal.  As a general matter, an appellate court may consider only evidence in the

record made before the district court. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993). Although the record may be enlarged by the court of appeals when the interests of justice demand it, this Court lacks the authority to supplement the record on appeal. *Id.* (observing that the *appellate court* has authority under Fed. R. App. P. 10(e) to supplement a record on appeal).

Therefore, Markham's motion for an order designating the record on appeal is denied.

### III. Motion for Issuance of a Certificate of Appealability

Markham also moves for this Court to issue a certificate of appealability. On March 19, 2021, Markham filed a notice of appeal that disputes, among other issues, this Court's application of the standard for granting a certificate of appealability. "The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. For this reason, when Markham filed a notice of appeal, this Court was divested of jurisdiction to consider whether it properly applied the standard for granting a certificate of appealability. Therefore, this Court cannot grant Markham the relief he seeks.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Oji Konata Markham's motion for relief from judgment, (Dkt. 44), is **DENIED**.

2. Markham's motion for an order designating the record on appeal, (Dkt. 48), is **DENIED**.

3. Markham's motion for issuance of a certificate of appealability, (Dkt. 55), is **DENIED**.

Dated: June 30, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge